IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30070-SMY |
| | ) |
| JEREMY D. MOSBY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Jeremy D. Mosby was sentenced on August 3, 2021 to 63 months' imprisonment for being a felon in possession of a firearm (Docs. 60, 64). Mosby recently filed a *pro se* motions seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 80) and under Amendment 819 (Doc. 83). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Ankoor Shah entered his appearance on Mosby's behalf to determine his eligibility for a sentence reduction (Doc. 85). AFPD Shah has now moved to withdraw, asserting that Mosby is ineligible for a sentence reduction under Amendment 819 and Amendment 821 (Doc. 86). Mosby has not filed a response to the motion.

Amendment 819 to the United States Sentencing Guidelines addresses new offenses and other changes in law made by the Bipartisan Safer Communities Act, Pub.L.No. 117-159, and revises the primary firearms guideline, § 2K2.1 to account for firearms that are not marked with a serial number. *See* 819. Amendment, FCJ Federal Sentencing Guidelines Manual Amendment 819 (11/1/23). Amendment 819, which became effective on November 1, 2023, does not apply retroactively. *Id*. Therefore, any changes made by the Amendment are inapplicable to Mosby who was sentenced in 2021.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Mosby's total offense level at sentencing was 21 and his criminal history category was IV, resulting in a Guidelines sentencing range of 57-71 months. Under Amendment 821, Mosby's criminal history category and sentencing range remain unchanged. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 86) is **GRANTED** and motions to reduce (Docs. 80, 83) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 11, 2024

**STACI M. YANDLE**
**United States District Judge**